# Richmond

FORREST C. BAILEY, III, ET AL. V. CHARLES W. FLEMING, ET AL.

March 8, 1971.

Record No. 7327.

Present, All thé Justices.

*L. Paul Byrne* (*Bremner, Byrne & Baker*, on brief), for plaintiffs in error.

*Donald R. Howren, Commonwealth's Attorney for Henrico County; J. Mercer White, Jr., County Attorney for Henrico County; Russell Alton Wright* (*George R. Humrickhouse; Julious P. Smith, Jr.; Williams, Mullen & Christian*, on brief), for defendants in error.

CARRICO, J., delivered the opinion of the court.

This matter involves the rearrangement and increase in the number of magisterial districts in Henrico County. Upon petitions filed pursuant to Code § 15.1-572,[1] the trial court, by order of October 30, 1968, ordered the number of such districts increased from four to five. By the same order, the court, at the request of the appellants and pursuant to Code § 15.1-577, appointed seven commissioners to lay off and designate the five districts according to certain guidelines set forth in the order.

The commissioners proceeded to execute the order and on March

---

[1] Provisions for the rearrangement, increase, diminution, or change of name of magisterial districts are found in Code §§ 15.1-572 to 15.1-581.

7, 1969, returned their report to the office of the clerk of the court pursuant to Code § 15.1-578. The report and a map annexed thereto showing the new magisterial districts were admitted to record in the clerk's office as required by Code § 15.1-579.

Forrest C. Bailey, III, and other intervening petitioners, the appellants here, then filed with the court a motion to vacate the commissioners' report. The court ruled that it was without jurisdiction to entertain the motion, and the motion was denied. It is this ruling which presents the sole question for decision here.

Under Code § 15.1-576, the circuit court itself is vested with authority under certain conditions to rearrange or to increase or diminish the number of magisterial districts in a county. However, under Code § 15.1-577, if the court is "unable safely and properly to determine the matter" or if a "party ask it," the court is required to appoint commissioners to "execute the order of the court" and to "lay off and designate" the districts. And under Code § 15.1-579, when the report of the commissioners' redistricting action is recorded by the clerk of court, the "magisterial districts so designated and laid off . . . shall thereafter be the magisterial districts of such county."

We will assume, without deciding, that the appellants are correct in their argument that if the court itself accomplishes a redistricting, it would have jurisdiction to reconsider and vacate its action while the matter is still within the breast of the court. And we might agree with the appellants that an anomaly is presented if the court can review its own redistricting action but cannot review the action of commissioners it has appointed to redistrict a county.

But whether or not an anomaly exists, the simple fact remains that in the statutes under consideration there is no provision for review by the appointing court of the commissioners' redistricting action. We are dealing with a purely statutory proceeding, and the jurisdiction of the court must be found within the framework of the legislation establishing the proceeding, or not at all.

The legislation before us, rather than providing for review by the appointing court of commissioner redistricting, expresses the intention that there should be no such review. That intention is expressed in the provision of Code § 15.1-579 that the districts laid off and designated by the commissioners *shall*, upon the recording of their report, "thereafter be the magisterial districts of the county."

It follows that the trial court properly denied the appellants' motion to vacate. Its action in doing so will be affirmed.

*Affirmed.*